IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES HARDING, #273-845 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. JFM-11-1561 |
| KATHLEEN GREEN, et al., | * | |
| Defendants | | |
| | *** | |

**MEMORANDUM**

Defendants Warden Kathleen Green, Secretary of Department of Public Safety Gary Maynard and Commissioner of Correction Michael J. Stouffer, through counsel, have filed a dispositive motion which is construed as a motion for summary judgment. ECF No. 13. . Plaintiff has not filed a response.[1] Upon review of papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

**Background**

Plaintiff, an inmate currently confined at the Eastern Correctional Institution ("ECI") in Westover, Maryland alleges that he has improperly been placed on administrative segregation in violation of his right to Due Process and that his rights under the Americans with Disability Act[2] ("ADA") and Rehabilitation Act[3] have been violated in that he has not been provided outdoor

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on November 22, 2011, plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No. 14. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.* Plaintiff sought, and was granted, an extension of time to respond to the dispositive motion. ECF Nos. 15 & 16. However, as of the within signature date he has failed to respond.

[2] 42 U.S.C. § 12101 *et seq.*

[3] 29 U.S.C. § 794 *et seq.*

exercise while confined to administrative segregation. ECF No. 1.

The uncontroverted records reveal that plaintiff, a former state trooper convicted of second degree murder, was transferred from the Western Correctional institution (WCI) to ECI on November 2008. At the time of his transfer it was recommended he continue his assignment to protective custody (PC) due to his prior law enforcement experience. ECF No. 13, Exs. 5 & 6. Plaintiff's security classification was reviewed on May 11, 2009 and May 5, 2010. At each review it was recommended that he remain on PC. *Id.*, Exs. 7 & 8.

On January 6, 2011, plaintiff claimed he had been threatened by his cellmate, Jimmy Northern. Northern denied having difficulty with plaintiff. Plaintiff, when interviewed, refused to answer whether he feared for his safety. Case Management concluded that plaintiff was a housing problem who felt he should only be housed with other police officers. No legitimate threats were demonstrated. *Id.*, Ex. 9.

On February 16, 2011, a segregation review was conducted. Plaintiff's case manager indicated that plaintiff was to be returned to the general population. However plaintiff had presented a problem with a number of cellmates and therefore it was recommended he remain on administrative segregation until appropriate housing could be found. Reviews on March 25, April 14 and April 30, 2011, drew the same conclusions. *Id.*, Exs. 10 & 11.

Plaintiff's medical records do not indicate that he has been diagnosed with any disability. There is no prescription in his medical file requiring a regimen of exercise. *Id.*, Ex. 12.

Plaintiff filed three Requests for Administrative Remedy (ARP) since January 1, 2011. *Id.*, Ex. 13. Each ARP complained about his placement on administrative segregation. The first two alleged his placement on administrative segregation was punitive. The third complained that his confinement to administrative segregation deprived him of fresh air and sunlight and that the

air quality on administrative segregation was poor. He complained that he should be permitted recreation in the yard for one hour per day. *Id.* All three ARPs were dismissed by the Warden. Plaintiff did not appeal. *Id.*, Exs. 13-15.

**Standard of Review**

A.  Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.  Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The court must first examine defendants' assertion that plaintiff's case should be dismissed in its entirety due to plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is required for both ADA claims and claims under the Rehabilitation Act. *See O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060-61 (9th Cir. 2007). Thus, the exhaustion provision plainly extends to plaintiff's allegations. His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this

appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office.  *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The facts regarding plaintiff's efforts to exhaust his administrative remedies are not in dispute.  Plaintiff filed three ARPs with the warden regarding his dissatisfaction with his being housed on administrative segregation but failed to pursue his administrative remedy any further once the Warden dismissed the complaint.  Accordingly, plaintiff's complaint shall be dismissed.

### Conclusion

For the reasons stated above, defendants' motions to dismiss or for summary judgment shall be granted.  A separate order follows.

April 9, 2012  
Date

/s/  
J. Frederick Motz  
United States District Judge